## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **EDWARD LOWITZKI,** ) | |
| ) | |
| **Plaintiff,** ) | **Case: 1:23-cv-03649** |
| ) | |
| **v.** ) | |
| ) | |
| **J.P.MORGAN CHASE & CO.,** ) | |
| ) | |
| **Defendant.** ) | **Jury Trial Demanded** |
| ) | |

## COMPLAINT

Plaintiff, Edward Lowitzki ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against J.P.Morgan Chase & Co. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*. ("ADEA") and the Illinois Human Rights Act, 775 ILCS5/ ("IHRA") seeking redress for Defendant's discrimination against Plaintiff on the basis of Plaintiff's age.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*. and the Illinois Human Rights Act, 775 ILCS5/**.**

3.    Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, have occurred or been complied with.

5.      A charge of employment discrimination on basis of age and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6.      At least sixty (60) days have lapsed since the filing of Plaintiff's charge of employment discrimination with the EEOC thus giving Plaintiff right to sue under the ADEA.

## PARTIES

7.      At all times material to the allegations of this Complaint, Plaintiff, Edward Lowitzki, resided in McHenry County in the State of Illinois.

8.      At all times material to the allegations in this Complaint, Defendant, J.P.Morgan Chase & Co., was a corporation doing business in and for Kane County whose address is 2500 Westfield Drive, Elgin, IL 60124.

9.      Plaintiff, at all times material, was an applicant for a position with Defendant within the meaning of ADEA, 29 U.S.C. §623.

10.     During the applicable limitations period, Defendant had at least twenty employees, has been an "employer" as defined by the ADEA 29 U.S.C. §631, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11.     In or around March 2022, Plaintiff applied for several positions in Defendant's

collections department.

12.     Plaintiff is 68 years old and is a member of a protected class on the basis of his age.

13.     Plaintiff has worked in finance, credit, and collections for approximately 30 years.

14.     Defendant refused to hire Plaintiff because of his age.

15.     Since at least July 1, 2022 through September 30, 2022, Defendant subjected Plaintiff to different terms and conditions of application for employment than those younger than Plaintiff.

16.     On or around July 1, 2022, Plaintiff was invited to a virtual interview for Defendant's Credit Card Collections Specialist position.

17.     The qualifications for a Credit Card Collections Specialist include:

   a.   Analyzing and validating customer information;

   b.   Utilizing critical decision-making skills;

   c.   De-escalating customer situations and concerns; and

   d.   Being self-motivated and proactive.

18.     Plaintiff was qualified for this position.

19.     Plaintiff was then invited to a virtual workshop to prepare for a second interview for the Credit Card Collections Specialist position.

20.     During the interview, Defendant informed Plaintiff that he was a good fit for the position.

21.     The interviewer told Plaintiff repeatedly that he was overqualified for the position and that this was an entry-level job, and Plaintiff responded by assuring the interviewer that he

wanted the position.

22.     On or around July 11, 2022 Plaintiff received an email notification that "due to specific requirements of this role" he was no longer being considered for the position.

23.     When Plaintiff inquired about which requirements rendered him unsuitable for the role, he received no response.

24.     In or around August 2022, Plaintiff reached out to Defendant's Human Resources Department; specifically, Elizabeth Tomanguilla.

25.     Plaintiff was informed by Ms. Tomanguilla that the rejection email was sent in error and that she would try to find a position for him.

26.     On or around September 14, 2022 Plaintiff was invited to a Zoom virtual interview for a Fraud Specialist position to take place on September 29, 2022.

27.     The qualifications for Fraud Specialist include:

    a.  strong communication skills;

    b.  ability to deal with confidential information;

    c.  attention to detail;

    d.  leadership and relationship building

28.     Plaintiff was qualified for this position.

29.     On the day of the interview for the Fraud Specialist position, no one from Defendant's recruiting team logged on to interview Plaintiff.

30.     Plaintiff waited in the Zoom meeting room for twenty minutes and sent a message to the recruiting team but received no response.

31.     On or about September 30, 2022, Plaintiff was told that he was "no longer being considered for the position."

32.     Defendant's remarks that the position(s) were entry level and that Plaintiff was overqualified for the positions were merely pre-textual for discrimination on the basis of Plaintiff's age (68).

33.     Other similarly situated applicants younger than Plaintiff were hired and they had similar or lesser qualifications than Plaintiff for the job positions.

34.     Other similarly situated applicants younger than Plaintiff were systematically treated more favorably and not subjected to the same discrimination as Plaintiff.

35.     Plaintiff suffered multiple adverse employment actions including, but not limited to failure to be hired on the basis of his age (68).

<u>**COUNT I**</u>
**Violation of the Age Discrimination in Employment Act**
**(Age-Based Discrimination)**

36.     Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

37.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

38.     Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age (68).

39.     Plaintiff applied for and did not receive several job positions with Defendant.

40.     Plaintiff was qualified or overqualified for the job positions he applied to.

41.     Plaintiff was treated less favorably than similarly situated employees/applicants younger than Plaintiff.

42.     Defendant failed to hire Plaintiff on the basis of Plaintiff's age.

43.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

44.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of income, loss of benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Illinois Human Rights Act, 775 ILCS5/**
**(Age-Based Discrimination)**

45.     Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

46.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's age, in violation of the Illinois Human Rights Act, 775 ILCS5/.

47.     Plaintiff is a member of a protected class under the IHRA due to Plaintiff's age (68).

48.     Plaintiff was qualified for the job positions he applied for with Defendant.

49.     Plaintiff was treated less favorably than similarly situated employees/applicants younger than Plaintiff.

50.     Defendant failed to hire Plaintiff on the basis of Plaintiff's age.

51.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

52.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of income, loss of benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court find in

Plaintiff's favor and against Defendant as follows:

a.      Enter and Order finding Defendant discriminated and retaliated against Plaintiff in violation of the ADEA, and award:

b.      Back pay with interest;

c.      Payment of interest on all back pay recoverable;

d.      Front pay;

e.      Loss of benefits;

f.      Compensatory and punitive damages;

g.      Reasonable attorneys' fees and costs;

h.      Award pre-judgment interest if applicable; and

i.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 9th day of June, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Travis Lampert*
**TRAVIS LAMPERT, ESQ.**
IL Bar No.: 99843

**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575-8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*